[Cite as *State v. Terry*, 2017-Ohio-7266.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-65 |
| | : | |
| v. | : | T.C. NO. 15-CR-640 |
| | : | |
| RICKY TERRY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 18th day of August, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JAMES S. SWEENEY, Atty. Reg. No. 0086402, 341 S. Third Street, Suite 100, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Ricky Terry appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty of numerous offenses on his guilty pleas and sentenced him to maximum, consecutive sentences totaling 27 years. For the following reasons, the judgment of the trial court will be affirmed.

**Procedural History**

**{¶ 2}** On December 8, 2015, Terry and several other men were indicted on numerous offenses, which were alleged to have occurred between April 2007 and December 2015. All of the men were charged with engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a felony of the second degree. Terry was also charged with six counts of breaking and entering, eight counts of theft of a motor vehicle, two counts of attempted theft of a motor vehicle, two counts of theft, and three counts of safecracking.[1] The indictment included a forfeiture specification on each count.

**{¶ 3}** On August 26, 2016, Terry pled guilty to the following charges: engaging in a pattern of corrupt activity, seven counts of theft of a motor vehicle (felonies of the fourth degree), one count of attempted theft of a motor vehicle (a felony of the fifth degree), two counts of theft (felonies of the fourth and fifth degree, respectively), and five counts of breaking and entering (felonies of the fifth degree). Terry also admitted to the forfeiture specifications and agreed to forfeit the property in question. The State dismissed six additional counts against Terry, which were fourth and fifth degree felonies, and agreed to "recommend and work to secure an agreement with Franklin County not to pursue prosecution" of 37 other charges against him that had not yet been filed. The State also

---

[1] The predicate offenses involving Terry all happened in 2015.

agreed that Terry would not be fined or ordered to pay restitution, and that any sentence in this case would be concurrent to the sentence Terry was already serving.

{¶ 4} At the plea hearing, the prosecutor stated that seven people had participated in the theft ring that led to the charge of engaging in a pattern of corrupt activity; the criminal acts committed by the group included, but were not limited to, theft of automobiles, breaking and entering into outbuildings and barns to steal tools and equipment, burglary of an attached garage, "smash and grab" at a convenience store, thefts of ATMs, vandalism, failure to comply, and receiving stolen property. The prosecutor then detailed the specific counts against Terry, which involved numerous thefts and attempted thefts of vehicles, crashing some of those vehicles into buildings to effectuate thefts, including thefts of ATMs, tools, generators, tires, an "Arctic Cat" motor vehicle, trailers, and other equipment, and breaking into garages and businesses. The trial court ordered a presentence investigation.

{¶ 5} At the sentencing hearing, defense counsel stated that Terry had been "plagued in his life with some drug and alcohol problems. That's what the majority of his prior criminal offenses occur from." Defense counsel also stated that Terry was remorseful and accepted responsibility for what he had done. Counsel asked the court to consider what Terry's actions had done to his life and what he was "gonna have to live with," including the fact that his son and wife were already in prison. Counsel also asked that Terry's age, 50, be considered, so that his family could have a chance at reunification in the future.

{¶ 6} The prosecutor stated that the Franklin County case involving Terry had involved similar facts to the Clark County case ("stealing truck tires, motor vehicles, work

tools, safes, and other property") and that Franklin County officials had agreed not to go forward on their charges in light of Terry's plea. The prosecutor described the Franklin County cases as "very good prosecutable cases," including some in which Terry was caught on video tape. No additional information about these charges was presented at the hearing or in the PSI.

{¶ 7} The prosecutor also stated that Terry's criminal history dated back to juvenile offenses with "very little gaps in time," and that some of the gaps were likely attributable to incarceration. The PSI's statement outlining Terry's criminal record corroborated this statement. The prosecutor and the PSI stated that Terry's prior convictions included numerous convictions for breaking and entering, possession of criminal tools, receiving stolen property, vandalism, tampering with coin machines, burglary, and theft, as well as one count of arson. Terry has been sentenced to prison at least 14 times, and has received suspended sentences and/or jail terms several additional times. Although some of his prison sentences had overlapped, Terry had spent a significant portion of his adult life in prison.

{¶ 8} The prosecutor described this as "an incredible pattern of criminal conduct lasting this defendant's entire life thus far," and commented that his reported "self-employment" seemed to have consisted of the criminal enterprise, which was "the only job he's ever had." Terry had the longest record of all the defendants in the case. The prosecutor also stated that the reason Terry's son is in prison is that Terry taught his son -- and others – how to engage in criminal activity. The prosecutor disputed defense counsel's assertion that Terry was remorseful; the prosecutor stated that there was "absolutely no expression of remorse" and noted that, according to the PSI, Terry did not

want to make a statement acknowledging his involvement in the instant offense. The PSI also indicated that Terry's risk level was "high."

{¶ 9} The trial court, when imposing the sentence, noted that seventeen prison sentences had previously been imposed on Terry and that, although some were simultaneous, he had been to prison on twelve occasions. The court found that consecutive sentences were necessary to protect the public from future crime and to punish Terry, that consecutive sentences were not disproportionate to the seriousness of his crimes or the danger he posed to the public, and that "the aggregate harm caused" by his offenses "was so great or unusual that no single prison term for any of the offenses" adequately reflected the seriousness of Terry's conduct. The court imposed the maximum sentence on each offense: eight years for engaging in a pattern of corrupt activity, 18 months on each fourth-degree felony, and 12 months on each fifth-degree felony. The trial court also ordered that the sentences be served consecutively to one another but concurrently with the sentence in another case, in accordance with the plea agreement, for a total sentence of 27 years.

{¶ 10} Terry appeals, raising one assignment of error, which asserts that his sentence was not supported by the record and was contrary to law. His arguments question both the individual sentences and the consecutive sentence.

**Sentencing Considerations**

{¶ 11} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial

court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 12} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 13} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 14} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} In imposing consecutive sentences, the trial court must make the statutory findings and incorporate them into its sentencing entry, but the trial court is not required to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 16} The standard set forth in R.C. 2953.08(G)(2) applies to all challenges

involving sentencing. Under that standard, we may vacate or modify a sentence only if we find, by clear and convincing evidence, that the sentence is contrary to law or that the record does not support the trial court's findings under certain statutes (including the findings required for consecutive sentences). *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. While acknowledging that some sentences do not require any of the findings referenced in R.C. 2953.08(G)(2), the Ohio Supreme Court also reasoned:

> * * * [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum* at ¶ 23. However, if an appellate court finds by clear and convincing evidence that the record does not support the sentence under R.C. 2929.11 and 2929.12, the sentence is contrary to law, and we have the authority to review it under R.C. 2953.08(A)(4). *State v. Jones*, 8th Dist. Cuyahoga Nos. 103290 and 103302, 2016-Ohio-7702, ¶ 108.

**Terry's Sentence**

{¶ 17} Terry contends that the sentence of 27 years is not supported by the record and is contrary to law.

{¶ 18} Each sentence is within the authorized statutory range, and the trial court

expressly stated in its judgment entry that it had considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors. Moreover, the trial court's imposition of consecutive sentences was not contrary to law, because the trial court made the consecutive-sentence findings mandated by R.C. 2929.14(C)(4). It did not state reasons in support of those findings, but it was not required to do so. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 19} When a sentencing court makes its "objective" findings, they include, at least implicitly, those listed in R.C. 2929.11, which require that a felony sentence:

(1) be reasonably calculated to achieve the protection of the public from future crimes by the offender; and

(2) punish the offender; and

(3) use the minimum sanctions that the court determines will accomplish those purposes without imposing an unnecessary burden on state or local resources; and,

(4) be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim; and,

(5) be consistent with sentences imposed for similar crimes by similar offenses.

{¶ 20} The ultimate questions for any sentence reviewed by appellate courts are whether:

(1) as a matter of law, the sentence is contrary to law; and

(2) as a matter of fact, the findings supporting the sentence clearly and convincingly are not supported by the record.

{¶ 21} In this case, the question is whether the record clearly and convincingly does not support a finding that a 27-year sentence for a non-violent offender, is necessary to punish Terry, using the minimum sanction to accomplish that purpose without imposing an unnecessary burden on state resources, and is commensurate with the fourth and fifth degree felonies that he committed. We cannot find upon this record including, importantly, Terry's criminal history, that these implicit findings are clearly and convincingly not supported by the record in this case.

{¶ 22} The assignment of error is overruled.

{¶ 23} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

HALL, P.J., concurs.

FROELICH, J., dissenting:

{¶ 24} I concur with the majority's analysis, but I would conclude that the findings are clearly and convincingly not supported by the record and would reverse and remand.

. . . . . . . . . .

Copies mailed to:

Megan M. Farley
James S. Sweeney
Hon. Douglas M. Rastatter