[Cite as *State v. Landgraf*, 2018-Ohio-195.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.: 2017-CA-25 |
| | : | |
| v. | : | T.C. NO. 2016-CR-619 |
| | : | |
| ANTHONY E. LANDGRAF | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**OPINION**

Rendered on the 19th day of January, 2018.

. . . . . . . . . .

NATHANIEL LUKEN, Atty. Reg. No. 87864, Greene Co. Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee


SAMANTHA BERKHOFER, Atty. Reg. No. 87370, 202 N. Limestone St., Ste. 250, Springfield, Ohio 45502
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the April 26, 2017 Notice of Appeal of Anthony E. Landgraf, filed by appointed counsel for Landgraf pursuant to *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On October 3, 2017, the State filed a "Notice of Intent not to File Response to <u>Anders</u> Brief." Having found no potential assignments of error having arguable merit, the judgment of the trial court is affirmed.

{¶ 2} Landgraf pled guilty on March 1, 2017 to one count of complicity to tampering with coin machines, in violation of R.C. 2911.32(A) and 2923.03(A)(2), a felony of the fifth degree, and he was sentenced to 11 months for the offense. In exchange for his plea, a second count of possession of criminal tools was dismissed.

{¶ 3} In his brief, counsel for Landgraf asserts that, after a review of the record, he could ascertain no arguably meritorious issues to present on appeal. This Court, on October 12, 2017, so advised Landgraf and granted him 60 days to file a pro se brief assigning any errors for our review. No pro se brief has been received.

{¶ 4} As potential assignments of error, counsel for Landgraf asserts the following:

1. Whether the Guilty plea was made [k]nowingly, voluntarily and with the advice of his counsel?

2. Whether the sentence imposed was disproportionate to the crime or that the Court had any duty to follow the sentencing recommendation of the State.

{¶ 5} As this Court has previously noted:

In *State v. Marbury*, Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7 and 8, we observed:

"We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' [386 U.S. at 744, 87

S.Ct. 1417, 18 L.Ed.2d 522.] If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *State v. Pullen* (Dec. 6, 2002), Montgomery App. No. 19232 [2002-Ohio-6788].

"*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. *Pullen, supra.*"

*State v. Chessman*, 161 Ohio App.3d 140, 2005-Ohio-2511, 829 N.E.2d 748, ¶ 15-17 (2d Dist.).

{¶ 6} "In general, a guilty plea waives all claims of error preceding the plea except claims of ineffective assistance of counsel sufficient to cause the defendant's guilty plea to be less than knowing and voluntary. *State v. Kidd,* 2d Dist. Clark No. 03CA43, 2004–Ohio–6784, ¶ 16." *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 6.

{¶ 7} Having performed our duty, under *Anders v. California,* of independent review of the record, we have found nothing to suggest that Landgraf's guilty plea was less than knowing and voluntary. At the hearing, Landgraf indicated to the court that he takes several medications that can occasionally affect his ability to think clearly. He further indicated that he did not take his medications on the morning of the hearing

because he was in a hurry to get to court. Landgraf advised the court that he did not feel under the influence of his medications at the hearing. Counsel for Landgraf stated that he and his client "had extensive conversations out in the hallway before we came into the courtroom, and Mr. Landgraf certainly understood what was going on today, and I believe that there's no problem with his cognition." When asked by the court if he was clear of mind and capable of understanding the proceedings, Landgraf responded affirmatively. Landgraf further indicated that his counsel answered all of his questions and that he was satisfied with his representation. Landgraf indicated that his plea was being entered voluntarily without improper influence, and that he understood that his plea was an admission of guilt. The record further reflects a thorough Crim. R. 11 plea colloquy, and that Landgraf indicated that he understood the rights he waived by pleading guilty, and that he was subject to a sentence of up to one year.

{¶ 8} The court indicated to Landgraf that "the State's going to recommend Community Control, and they're going to stand behind that and not change that." The court further indicated that it was "not bound like a prosecutor is. I can either follow that recommendation or not follow that recommendation," and the Court ascertained Landgraf's understanding. The court ordered a pre-sentence investigation. The court concluded that Landgraf's plea was "voluntary, intelligent and knowingly made." Based upon our thorough review of the record, we conclude that Counsel for Landgraf's first potential assignment of error is wholly frivolous.

{¶ 9} Regarding Landgraf's sentence, as this Court recently noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any

findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013–Ohio–2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011–Ohio–3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 38.

* * *

The standard set forth in R.C. 2953.08(G)(2) applies to all challenges involving sentencing. Under that standard, we may vacate or modify a sentence only if we find, by clear and convincing evidence, that the sentence is contrary to law or that the record does not support the trial court's findings under certain statutes * * *.

*State v. Terry*, 2d Dist. Clark No. 2016-CA-65, 2017-Ohio-7266, ¶ 11, 16.

**{¶ 10}** At sentencing, the court indicated in part as follows:

The Court's considered the statements [of] the parties, the pre-sentence report, the purposes and principles of sentencing and balance[d] the serious and recidivism factors pursuant to 2929.12.

Because this is offense is [sic] a fifth degree felony, the Court's required to consider the (B)(1)(a) and (B)(1)(b) factors of 2929.13.

I find under (B)(1)(a), that you have a prior conviction for felony offenses, and, therefore, the Court retains discretion to impose a sentence in this case.

In addition, under (B)(1)(b), I find that you have previously served a term of imprisonment; therefore, the Court finds that a prison term is consistent with the purposes and principles of sentencing, that you're not amenable to available Community Control

The Court further finds that a combination of Community Control sanctions would demean the seriousness of your conduct, and its impact, and this sentence is commensurate to the seriousness of your conduct, and a prison sentence does not place an unnecessary burden on state government resources.

I will say that your Counsel did give me some thought about the fact that you took responsibility and plead guilty, and, therefore, the Court's going to impose an 11-month sentence for the offense of Complicity of Tampering with Coins [sic], a felony of the fifth degree, and order you to be sentenced to the Department of Rehabilitation Correction, Correctional Reception Center.

{¶ 11} R.C. 2929.14(A)(5) provides that for a felony of the fifth degree, the "prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." Landgraf's sentence is not contrary to law, and we conclude that Landgraf's second potential assignment of error lacks arguable merit.

{¶ 12} Having found no arguable issues for review, Landgraf's appeal is wholly frivolous, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J. concur.

Copies mailed to:

Nathaniel Luken
Samantha L. Berkhofer
Anthony E. Landgraf
Hon. Steven A. Wolaver