[Cite as *State v. Carter*, 2018-Ohio-418.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NOS. 2017-CA-20; |
| | : | 2017-CA-21 |
| v. | : | |
| | : | T.C. NOS. 16-CR-413; 17-CR-59 |
| DARRIEN CARTER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 2nd day of February, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 309 N. Barron Street, Eaton, Ohio 45320
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} On January 31, 2017, Darrien Carter pled guilty to one count of endangering children, a third degree felony, in Clark County Common Pleas Court Case No. 2016-CR-

413. On that same date, Carter also pled guilty to a charge of endangering children, presented by way of a bill of information, also a third degree felony, in Clark County Common Pleas Court Case No. 2017-CR-59. On February 21, 2017, the trial court accepted Carter's guilty plea, sentencing her to three years in prison for the child endangering charge in 2016-CR-413 and two years in prison for the charge of endangering children in 2017-CR-59. The trial court ordered the sentence in 2017-CR-59 to run consecutively to the sentence imposed in 2016-CR-413 for a total of five years. Carter appeals from her conviction.

{¶ 2}   Carter's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, no meritorious issues exist on appeal. Counsel set forth three possible assignments of error, (1) whether Carter's guilty plea was intelligently, knowingly, and voluntarily entered into pursuant to Crim. R. 11; (2) whether the trial court erred by imposing consecutive sentences where it failed to expound upon specific statutory reasoning for the necessity of consecutive sentences; (3) whether the trial court abused its discretion in sentencing Carter to maximum and consecutive sentences of five years. By entry, we informed Carter that her attorney had filed an *Anders* brief on her behalf and granted her 60 days from that date to file a pro se brief. No pro se brief has been filed.

{¶ 3}   We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and conclude that the trial court's proceedings were proper.

{¶ 4} On August 13, 2016, at her residence, Carter was caring for her 4-month-old son. When the child began crying, Carter threw her son into a swing seat, forcing the

swing to rock back and forth and causing the child's head to slam into the back of the seat numerous times. Hours later, the child began having seizures, which were left unaddressed by Carter for over 12 hours. After paramedics were called, the child was transported to Dayton Children's Hospital. The child was in critical condition until August 17, and was found to have "non-accidental trauma," specifically, subdural hematoma, fractured femur, and previously existing rib fractures that were healing. Springfield police detectives Sandra Fent and Shelly Pergram responded to the rapid response call from Dayton Children's Hospital. After investigating the incident, Carter was arrested on August 17, 2016, and charged with felonious assault and endangering children.

{¶ 5} On August 29, 2016, Carter was indicted on count one, felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony; and count two, endangering children in violation of R.C. 2919.22 (A), a third degree felony. In addition, the State returned a bill of information for a separate incident of endangering children, a third degree felony, between March 26, 2016 and August 12, 2016.

{¶ 6} At the plea hearing on January 31, 2017, Carter pled guilty to the count of child endangering presented in the indictment. Carter also agreed to plead guilty to the separate charge of endangering children contained in the bill of information, waiving her rights to a grand jury. In exchange, the state agreed to dismiss the felonious assault count in the indictment, as well as agreeing to remain silent at sentencing.

{¶ 7} Crim. R. 11 sets forth the procedures a trial court must follow in accepting a plea. This can vary based on whether the offense involves a petty offense misdemeanor, misdemeanor that is a serious offense, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; *State v. Hall*, 2d Dist. Greene No. 2011 CA 32,

2012-Ohio-2539, ¶ 18. A "serious offense" is defined as "any felony, and any misdemeanor" where the statutory penalty "includes confinement for more than six months." Crim.R. 2(C). Before a guilty plea in a felony case can be accepted, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. Pursuant to Crim. R. 11 (C)(2)(a) and (b) the trial court is required to ensure defendants understand the nature of the charge, the penalty involved, and the effect of the plea.

{¶ 8} At the plea hearing, the trial court advised Carter of her waiver of rights to speedy trial, waiver of the right to have her second case presented to a grand jury, the consequences of a guilty plea and the seriousness of the offenses. The trial court also advised Carter of the waiver of her constitutional rights including the right to a jury trial, the right to confront her accuser, the right to obtain witnesses in her favor, and rights against self-incrimination. After accepting Carter's guilty pleas, the court ordered a presentencing investigation and scheduled a sentencing hearing for February 21, 2017.

{¶ 9} Pursuant to R.C. 2929.14 (C)(4), if multiple prison terms are imposed by the court for convictions of multiple offenses, "the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, the court must also make at least one of three findings, including that "[a]t least two of the multiple offenses were committed

as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 10} Regarding Carter's sentence, as this Court recently noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard,* 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

* * *

The standard set forth in R.C. 2953.08(G)(2) applies to all challenges involving sentencing. Under that standard, we may vacate or modify a sentence only if we find, by clear and convincing evidence, that the sentence is contrary to law or that the record does not support the trial court's findings under certain statutes * * *.

*State v.* Terry, 2d Dist. Clark No. 2016-CA-65, 2017-Ohio-7266, ¶ 11, 16. *See also State v. Landgraf,* 2d Dist. Greene No. 2017-CA-25, 2018-Ohio-195, ¶ 9.

{¶ 11} At the sentencing hearing, the trial court found that because of the extensive

injuries to the six-month-old child, and Carter's confession to police of her role in causing the injuries, that imposing consecutive sentences was necessary to protect the public from future crime, and that the imposition of consecutive sentences was not disproportionate to the seriousness of the conduct and the danger posed to the public. Further, the court found that the multiple offenses were part of a course of conduct and the harm caused by multiple offenses was so great that a single prison term did not adequately reflect the seriousness of the conduct.

{¶ 12} In the performance of our duty, under *Anders v. California*, to conduct an independent review of the record, we have found no potential assignments of error in the possible issues for appeal raised by Carter's appellate counsel.

{¶ 13} In addition to reviewing the possible issues for appeal raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies mailed to:

Andrew P. Pickering
Brian A. Muenchenbach
Darrien Carter
Hon. Douglas M. Rastatter