[Cite as *State v. Stevens*, 2017-Ohio-2970.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JAMES STEVENS | : | Case No. 16CA60 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2015-CR-791


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      May 23, 2017


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

LINDA MAJESKA POWERS               JOHN C. O'DONNELL
615 West Superior Avenue               10 West Newlon Place
11th Floor                                   Mansfield, OH 44902
Cleveland, OH 44113

*Wise, Earle, J.*

{¶ 1}  Plaintiff-Appellant, James Stevens, appeals the September 1, 2016 sentencing entry of the Court of Common Pleas of Richland County, Ohio.  Defendant-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On September 30, 2009, Don and Marsha Jaenke (spelled Yanke in the sentencing transcript), each in their seventies, entered into a contract with appellant for appellant to replace the roof of their residence.  The Jaenkes paid appellant a $9,000.00 deposit.  Although appellant delivered a few materials to the home and started minimal work, he never completed the job, nor did he return the deposit money.

{¶ 3}  On September 2, 2015, the Richland County Grand Jury indicted appellant on two counts of theft from an elderly person or disabled adult in violation of R.C. 2913.02(A)(2) and (3).  On June 1, 2016, an order for deposit on restitution was filed wherein the state and appellant agreed to a restitution amount of $8,609.46 owed to the Jaenkes.  The amount of $3,300.00 was to be deposited into an account created by the Richland County Clerk of Courts which was to be maintained pending appellant's plea and sentencing.

{¶ 4}  In order to make the deposit, appellant borrowed $3,000.00 on the same day from Stanley and Patsy Newmeyer, another elderly couple who were present in the courtroom.  Thereafter, appellant pled guilty to the R.C. 2913.02(A)(2) count, a felony in the third degree.  The additional count was dismissed.  The state agreed if appellant deposited the remainder of the restitution amount prior to the sentencing date, the count

would be amended to a felony in the fourth degree.  The trial court ordered a presentence investigation report.

{¶ 5}  A sentencing hearing was held on August 31, 2016.  The trial court heard from the prosecutor, defense counsel, appellant, the Jaenkes, and Mrs. Newmeyer.  By judgment entry filed September 1, 2016, the trial court sentenced appellant to three years in prison.

{¶ 6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 7}  "THE TRIAL COURT ERRED IN CONSIDERING THAT DEFENDANT/APPELLANT BORROWED FOR RESTITUTION WAS A FACTOR THAT REQUIRED HIM TO BE IMPRISONED."

II

{¶ 8}  "THE TRIAL COURT'S REFUSAL TO CONSIDER THE RECIDIVIST ASPECT OF THE PRE SENTENCE INVESTIGATION WAS IN VIOLATION OF ORC §2929.12 AND RULE 11."

III

{¶ 9}  "THE TRIAL COURT ERRED IN SENTENCE (SIC) DEFENDANT/APPELLANT WITHOUT FIRST ORDERING AN ACCURATE PRE SENTENCE INVESTIGATION."

I

{¶ 10} In his first assignment of error, appellant claims the trial court erred in determining the fact that he borrowed money to pay a portion of his restitution was a factor to be considered in sentencing him to prison.  We disagree.

{¶ 11} During the sentencing hearing, the trial court noted the following (T. at 20-21):

One thing that did come up in the case was there was a $3,000 payment made, and the payment was made for the victims in this case, for Don and Marsha Yanke.  However, that payment now is in dispute.  The payment was made by Stanley and Patsy Newmeyer.  They indicated though that they would like their money back.  They do not want that money to go to the Yankes.  And so that was made I think on June 1st.  So there is that issue.  I know that counsel indicated he felt that wasn't relevant to the case we have here.  I disagree with that.  I think it is relevant, because it is money that was allegedly to be paid to the victims in this case, but now those individuals are claiming they were duped or talked into paying this money without their knowledge, and they obviously want that money back, returned to them.  And I believe that they have talked to the attorney general.  The attorney general has indicated they do not want to pursue with criminal charges in the matter.  However, the Newmeyers have talked to the sheriff's department here locally, and the sheriff's department may want to.

{¶ 12} The trial court indicated it would "hear from anybody who wants to address the court as far as Mr. Stevens' case and what has occurred since the change of plea," including hearing from the Newmeyers.  T. at 23.  Defense counsel objected, stating the dispute with the Newmeyers is a "different matter entirely" and "any evidence considered by the court with relation to that matter is at this point unreliable and should not be used to enhance any sentence that might be imposed by the court."  T. at 23, 24.

{¶ 13} The trial court replied with the following (T. at 24-25):

I understand that.  For the record, his sentence would be relating to the Yanke case.  I just think it's relevant to understand that we had conversations about whether or not restitution would be paid.  He may or may not have paid $3,000.  He actually paid $3,000.  I am sure the Yankes want that money.  The problem is now I am going to have to have a hearing after this hearing to determine if the money should go to them or does the money go back to the Newmeyers.  And so I will consider it on that basis.  So, in other words, it won't be an enhancing factor for him, but I do need to figure out what to do with the restitution, whether that money can be counted as restitution toward these victims or not.

So the sentence in this case will be regarding what happened in this particular case.  I will consider what the Newmeyers paid with respect to what the restitution - - the ultimate restitution amount is in the case.  So, for the record, that is the way that I will be considering it.  But I would like

to at least hear that information so I can know what we are talking about when we get to the restitution amount.

{¶ 14} Other than the $3,000.00 payment made on June 1, 2016, appellant has not paid on the restitution order. T. at 26, 30. Appellant made no effort to obtain a full-time job or pay toward the restitution order with his roofing business. T. at 30. This matter has been ongoing for the Jaenkes for seven years. T. at 36.

{¶ 15} Mrs. Newmeyer told the trial court appellant "borrowed $3,000 from us with a promise to repay by the end of June 2016." T. at 37. He has not paid any amount back. T. at 38. Mrs. Newmeyer asked for the money back that they loaned appellant in good faith. *Id.*

{¶ 16} In sentencing appellant to serve three years in prison, the trial court noted: "When you take money from somebody and you can't pay it back, the only thing you have to offer to those people is your freedom. That's the only thing you have left to offer. You can't pay any of their money back, because you don't have it. But you have your freedom. * * * You had all summer to try to get one of these jobs that you talked about." T. at 40. The trial court concluded: "I don't have any confidence that I can do anything that's going to make you pay these people back. What I can do is I can send you to prison for 36 months, which is exactly what I am going to do." T. at 41.

{¶ 17} Upon review, we do not find the fact that appellant borrowed money to pay his restitution to be a consideration by the trial court in sentencing him to prison. At the time of the sentencing hearing on August 31, 2016, appellant had not paid one dime toward the restitution order since June 1, 2016, and did not seek reliable employment in

an attempt to pay the restitution amount.  He still owed the Jaenkes over sixty percent ($5,609.46) of the restitution amount.  Appellant was sentenced on a third degree felony as explained to him during the plea hearing.  June 1, 2016 T. at 5-6.  We find the trial court complied with R.C. 2929.11 and 2929.12.

{¶ 18} Assignment of Error I is denied.

II

{¶ 19} In his second assignment of error, appellant claims the trial court erred in refusing to consider the recidivism aspect of the presentence investigation report in violation of R.C. 2929.12 and Crim.R. 11.  We disagree.

{¶ 20} In his appellate brief at 6, appellant argues the trial court should have considered the state's recommendation on sentencing made during the plea hearing as "PSI dictate."  June 1, 2016 T. at 6.  The presentence investigation indicated *if* the trial court imposed community control, moderate supervision was recommended.  Appellant argues the trial court refused to consider the report because of the erroneous facts contained therein.  The presentence investigation report referred to facts involving appellant and another couple, not the Jaenkes.

{¶ 21} However, the trial court did not indicate it would not consider the report as a whole, just the version of the facts that discussed a different matter involving appellant and another couple: "In this particular case he was charged with Don and Marsha Yanke.  And I know about the facts in that case, because we had a pretrial.  So for the record, the PSI talks about an incident with other people other than the victim in this particular case, so I have not considered that as far as a sentence in this particular case."  August 31, 2016 T. at 20.

{¶ 22} During the plea hearing, the trial court informed appellant of the maximum sentence and indicated it would not promise a sentence. June 1, 2016 T. at 6, 11. The trial court was in compliance with Crim.R. 11.

{¶ 23} During the sentencing hearing, defense counsel noted this was appellant's first felony offense. T. at 27. "He has got a track record with misdemeanors. Most of those are alcohol-related types of incidents, not job-related as this case was. Other than the positive test last April, I believe he has been fairly compliant on pretrial supervision." T. at 27-28. Without revealing the contents of the presentence investigation report, we note the report supports these statements.

{¶ 24} As discussed in the first assignment of error, appellant made no effort to pay toward the restitution order or obtain reliable employment. A trial court is not bound by a prosecutor's recommendation. *State v. Ybarra,* 5th Dist. Licking No. 14-CA-8, 2014-Ohio-3485, ¶ 22, citing *State v. Rink,* 6th Dist. Lucas No. L-02-1307, 2003-Ohio-4097, at ¶ 5. "When a trial court imposes a greater sentence than recommended in the plea agreement, and when the defendant is forewarned of the applicable maximum penalties, there is no error on behalf of the trial court if it imposes a more severe sentence than was recommended by the prosecutor." *State v. Brooks,* 5th Dist. Richland No. 16CA36, 2016-Ohio-8250, ¶ 20, citing *State v. Darmour,* 38 Ohio App.3d 160, 160-161, 529 N.E.2d 208 (1987).

{¶ 25} Assignment of Error II is denied.

III

{¶ 26} In his third assignment of error, appellant claims the trial court erred in sentencing him without ordering an accurate presentence investigation report. We disagree.

{¶ 27} As discussed in the second assignment of error, the trial court did not consider the facts in the presentence investigation report referring to appellant and another couple, in compliance with R.C. 2951.03(B)(5)(b) which states:

> (5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
>
> (b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

{¶ 28} An objection was not made to the inaccurate report and the trial court's handling of the issue. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under

exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 29} The trial court conducted a pretrial on June 1, 2016, and was part of the negotiations between the state and appellant which resulted in the restitution order. The trial court specifically stated it was not going to consider the erroneous facts in the report referring to appellant and the other couple. We do not find the outcome would have been different if the report had contained the correct facts, and do not find a manifest miscarriage of justice.

{¶ 30} Assignment of Error III is denied.

{¶ 31} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/sg 427