[Cite as *State v. Watson*, 2021-Ohio-1361.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 20-COA-014 |
| MICHAEL S. WATSON | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Ashland County Court of
Common Pleas, Case No. 19-CRI-194

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    April 16, 2021

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecuting Attorney

AMY R. INZINA
Assistant Prosecuting Attorney
110 Cottage Street
Ashland, OH 44805

For Defendant-Appellant

TIMOTHY B. HACKETT
Assistant State Public Defender
250 East Broad Street, Suite #1400
Columbus, OH 43215

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Michael Watson appeals the judgment entered by the Ashland County Common Pleas Court convicting him of two counts of aggravated murder (R.C. 2903.01(A),(B)), four counts conspiracy to commit aggravated murder (R.C. 2923.01(A)(1), R.C. 2903.01(A),(B)), aggravated burglary (R.C. 2911.11(A)(2)), aggravated robbery (R.C. 2911.01(A)(1)), and two counts of attempted murder (R.C. 2923.02(A), R.C. 2903.01(B)) following his pleas of guilty, and sentencing him to an aggregate term of incarceration of life in prison with parole eligibility after thirty-eight years. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 12, 2019, Appellant and three other men went to the Almond Tree Inn in Ashland, where Timothy Maust and Elizabeth Bunnell lived, to obtain money from a drug transaction. Appellant was seventeen years old at the time. When they arrived, other people were in the area of the Almond Tree Inn, and they left. They discussed a plan to return later and do whatever they had to in order to obtain the money, including shooting someone if necessary.

**{¶3}** The men later returned to the Maust/Bunnell residence. Appellant carried a .22 caliber Ruger handgun. One of the men kicked in the door. After a short conversation with Bunnell, Appellant shot both Maust and Bunnell, killing Maust.

**{¶4}** A complaint was filed in the Ashland County Juvenile Court alleging Appellant was delinquent based on complicity to aggravated murder with a firearm specification, complicity to aggravated burglary with a firearm specification, and complicity to attempted aggravated murder. Appellant was bound over to the Ashland County Common Pleas Court for trial as an adult.

{¶5}   Appellant was indicted by the Ashland County Grand Jury with two counts of aggravated murder, four counts of conspiracy to commit aggravated murder, two counts of attempted aggravated murder, aggravated burglary, and aggravated robbery, all with accompanying firearm specifications.

{¶6}   On January 24, 2020, Appellant entered a plea agreement with the State in which Appellant agreed to provide testimony against his co-defendants and plead guilty to all charges.   The parties agreed merger would apply to specific counts and the State elected to have Appellant sentenced for one count of aggravated murder, one count of conspiracy to aggravated murder, and aggravated robbery.  The parties further agreed the specifications merged and the State elected to have Appellant sentenced on the specification accompanying aggravated murder.   The parties jointly agreed to a sentencing recommendation of life in prison with parole eligibility after 30 years for aggravated murder, with a three year term of incarceration for the accompanying firearm specification; five to seven and one-half years in prison for conspiracy to aggravated murder; and five to seven and one-half years in prison for aggravated robbery, to be served consecutively for an aggregate prison term of thirty-eight years to life in prison.

{¶7}   The trial court convicted Appellant upon his pleas of guilty and sentenced him in accordance with the agreed upon sentence.  It is from the March 13, 2020 judgment of the Ashland County Common Pleas Court Appellant prosecutes his appeal, assigning as error:

PER *STATE V. PATRICK*, MICHAEL WATSON'S 38-LIFE SENTENCE IS UNCONSTITUTIONAL BECAUSE THE IMPOSITION OF

ANY LIFE IMPRISONMENT SENTENCE UPON A JUVENILE OFFENDER WITHOUT JUDICIAL CONSIDERATION OF YOUTH VIOLATES THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; AND ARTICLE I, SECTIONS 9, 10 AND 16 OF THE OHIO CONSTITUTION.

I.

**{¶8}**  Appellant argues his sentence of thirty-eight years to life in prison is unconstitutional based on the December 22, 2020 decision of the Ohio Supreme Court in *State v. Patrick,* 2020 -Ohio- 6803*.*  Patrick, who was a juvenile at the time of the offenses, was convicted of aggravated murder, aggravated robbery, and tampering with evidence following jury trial as an adult.  He was sentenced to an aggregate term of incarceration of life with parole eligibility after 33 years.  The Ohio Supreme Court held the Eighth Amendment's prohibition on cruel and unusual punishment requires a trial court, before imposing a sentence which includes a possibility of life imprisonment on a juvenile offender, to consider and articulate its consideration of the offender's youth as a mitigating factor when imposing sentence.  *Id.* at ¶2. "Given the high likelihood of the juvenile offender spending his or her life in prison, the need for an individualized sentencing decision that considers the offender's youth and its attendant characteristics is critical when life without parole is a potential sentence."  *Id.* at ¶36.  In so holding, the Ohio Supreme Court noted:

We know that a sentence of life without the possibility of parole "forswears altogether the rehabilitative ideal." Graham, 560 U.S. at 74, 130 S.Ct. 2011. We also know that the characteristics of youth include diminished culpability and heightened capacity for change. This brings to mind an illustration.

In the movie The Shawshank Redemption, the character "Red," portrayed by Morgan Freeman, faces the parole board after having served 40 years of a life sentence and having been previously denied parole twice after serving 20 and 30 years of his sentence. In response to a member of the parole board's question about whether he has been rehabilitated, he responds: "Rehabilitated? Well, now, let *me see. * * * What do you really want to know? Am I sorry for what I did?"* Then, he explains:

"There's not a day goes by I don't feel regret. Not because I'm in here, or because you think I should. I look back on the way I was then, a young, stupid kid who committed that terrible crime. I want to talk to him. I want to try to talk some sense to him, tell him the way things are, but I can't. That kid's long gone, and this old man is all that's left. I got to live with that."

The Shawshank Redemption (Castle Rock Entertainment 1994).

Certainly, before imposing a life sentence on a juvenile offender, there is room in our justice system for a trial court to make an individualized sentencing determination that articulates its consideration of the offender's youth, and all that comes with it, before an old man is all that is left.

**{¶9}** *Id.* at ¶¶39-41.

**{¶10}** In the instant case, the record is devoid of an articulation of consideration of Appellant's youth by the trial court prior to imposing a sentence which included a potential term of life imprisonment. While we recognized the trial court did not have the benefit of the Ohio Supreme Court's decision in *Patrick* at the time sentence was imposed, we find Appellant's sentence is unconstitutional for the reasons set forth in *Patrick.*

**{¶11}** The State argues this case is distinguishable from *Patrick* because the instant case involves a jointly recommended sentence agreed to by Appellant as part of a plea bargain. R.C. 2953.08(D)(1), governing the right to appeal felony sentencing, provides, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Appellant's sentence is not authorized by law without a consideration of youth as a mitigating factor and articulation of such consideration, and thus the sentence is appealable pursuant to statute.

**{¶12}** A trial court is not bound by the sentence recommended in a plea agreement. *See, e.g., State v. Ybarra,* 5th Dist. Licking No. 14-CA-8, 2014-Ohio-3485, ¶ 22; *State v. Stevens*, 5th Dist. No. Richland 16CA60, 2017-Ohio-2970, 91 N.E.3d 159, ¶ 24. Because the trial court ultimately determines the sentence entered in a particular case, we find the same policy considerations underlying the *Patrick* decision regarding the potential of a juvenile serving a life sentence apply whether the sentence is part of a plea agreement or imposed following trial. We find the constitutional responsibility placed upon the trial court to consider the youth of the offender in mitigation of a potential life

sentence and to articulate such consideration on the record is not abrogated simply because the sentence was jointly recommended, particularly in the instant case where *Patrick* had not yet been decided at the time the plea agreement was entered.

{¶13} Appellant also argues pursuant to Am. Sub. S.B. No. 256, his sentence of life with parole eligibility in thirty years for aggravated murder is not authorized by law, as the new sentencing bill for juvenile homicide offenders limits parole eligibility to an aggregate 25 years. The bill, effective April 12, 2021, is made retroactive. However, we find any discussion of the applicability of the sentencing provisions of the bill to Appellant to be premature at this time. Because we are reversing the sentence entered in the instant case based on the constitutional concerns set forth in *Patrick*, the issues surrounding the applicability of the new sentencing bill will first be considered by the trial court on remand. Any discussion of the bill's applicability to the instant case would be an advisory opinion at this juncture of the proceedings.

**{¶14}** The assignment of error is sustained.   The judgment of the Ashland County Common Pleas Court is reversed, and this case is remanded for resentencing in accordance with the law, consistent with this opinion.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur