[Cite as *State v. Alvarado*, 2024-Ohio-5417.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARK A. ALVARADO, | : | Case No. CT2024-0049 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2024-0045




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 November 15, 2024




APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

APRIL F. CAMPBELL                          JOSEPH PALMER
Campbell Law, LLC                          Assistant Prosecuting Attorney
545 Metro Place South, Suite 100           27 North 5th Street #201
Dublin, OHio 43017                         Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}** The appellant appeals the trial court's acceptance of his guilty plea to two drug related offenses, and the sentence imposed by the trial court. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant was arrested by Muskingum County Deputy Sheriff Kanavel based upon an active warrant, and was searched incident to his arrest. Deputy Kanavel found syringes in the appellant's front pocket and a folded-up dollar bill inside which was a substance later identified as methamphetamine. The appellant was indicted on January 18, 2024, on the following: Count One, Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth degree felony; and, Count Two, Possessing Drug Abuse Instruments in violation of R.C. 2925.12(A) and (C), a second degree misdemeanor. The appellant was arraigned on January 24, 2024, at which time he pleaded not guilty.

**{¶3}** The parties executed a written Plea of Guilty form on February 26, 2024, in which the appellant agreed to plead guilty to the charges, and the appellee agreed to a joint sentencing recommendation of community control. A change of plea hearing took place on February 26, 2024, at which the trial court engaged in the requisite Crim.R. 11 colloquy, including but not limited to advisement of a possible sentence of six to twelve months of imprisonment on Count One, and up to ninety days of local incarceration on Count Two. In addition, the trial court advised the appellant that the appellee's sentencing recommendation was "not binding," and that the trial court did "not have to follow it." The

appellant acknowledged his understanding. The trial court ordered a pre-sentence investigation, and scheduled the matter for a sentencing hearing.

{¶4}  The sentencing hearing took place on April 8, 2024. The trial court noted a previous bond revocation based upon the appellant's failure to pass a drug test in a prior felony case and did not follow the joint recommendation, instead imposing a nine-month sentence on Count One, and a 90-day sentence on Count Two, to run concurrently.

{¶5}  The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which she sets forth the following potential assignment of error:

{¶6}  "I. THE TRIAL COURT ERRED IN ACCEPTING ALVARADO'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

### STANDARD OF REVIEW

{¶7}  The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the

appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶8}** Attorney April Campbell, counsel for the appellant, moved to withdraw on June 26, 2024, pursuant to *Anders*, informing this Court that she had conducted a review of the entire record and determined that there were no viable issues which would support an appeal, and requesting this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal. Counsel further certified that on June 21, 2024, she served a copy of the Appellant's *Anders* Brief, along with copies of the transcripts, upon the appellant by regular U.S. mail. In addition, this Court informed the appellant in a June 28, 2024, Judgment Entry that the Court received notice that he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy; and, granted the appellant sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant has not filed a pro se brief.

**{¶9}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders.* Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-

3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

**{¶10}**  The appellant entered into a negotiated plea agreement and pleaded guilty to the charges against him in exchange for the appellee's joint recommendation that he be sentenced to community control. The trial court engaged in the requisite Crim.R. 11 colloquy during the change of plea hearing prior to accepting the appellant's guilty pleas as outlined above. The trial court advised the appellant during his change of plea hearing that it was not required to follow the jointly recommended sentence, and the appellant acknowledged his understanding of this fact. Thus, the appellant was aware of the possibility of being sentenced to prison. The trial court it did not follow the joint recommendation, instead imposing a nine-month sentence on Count One and ninety-day sentence on Count Two, which was within statutory ranges.

**{¶11}**  The issue of whether a trial court is bound by a sentence recommendation was addressed by this Court in *State v. Stevens*, 2017-Ohio-2970, (5th Dist.):

> A trial court is not bound by a prosecutor's recommendation. *State v. Ybarra,* 5th Dist. Licking No. 14-CA-8, 2014-Ohio-3485, 2014 WL 3936240, ¶ 22, citing *State v. Rink,* 6th Dist. Lucas No. L-02-1307, 2003-Ohio-4097, 2003 WL 21781870, at ¶ 5. "When a trial court imposes a greater sentence than recommended in the plea agreement, and when the defendant is forewarned of the applicable maximum penalties, there is no error on behalf of the trial court if it imposes a more severe sentence than was

recommended by the prosecutor." *State v. Brooks,* 5th Dist. Richland No.

16CA36, 2016-Ohio-8250, 2016 WL 7337951, ¶ 20, citing *State v. Darmour,*

38 Ohio App.3d 160, 160–161, 529 N.E.2d 208 (1987).

*Id.* at ¶ 24. In this case, the parties agreed to jointly recommend that the appellant be sentenced to community control. There was no agreement to a sentence, nor was the trial court involved in the plea negotiations. Further, the trial court advised the appellant during the change of plea hearing that it was not bound by the parties' joint recommendation. There is no merit to the argument that the trial court failed to comply with Crim.R. 11, nor that the appellant's rights were violated when the trial court deviated from the parties' joint sentencing recommendation. Nor, after reviewing the complete record, do we find any other errors in this matter.

## CONCLUSION

**{¶12}** Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.