Judgment reversed<br>and cause remanded.

BROGAN, P.J., and YOUNG, J., concur.

FREDERICK N. YOUNG, J., retired, of the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

---

The STATE of Ohio, Appellee,

v.

CHESSMAN, Appellant.

[Cite as *State v. Chessman*, 161 Ohio App.3d 140, 2005-Ohio-2511.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 03CA100.

Decided May 20, 2005.

Suzanne M. Schmidt, Assistant Prosecuting Attorney, for appellee.

Anne Catherine Harvey, for appellant.

---

Per Curiam.

{¶ 1} Pursuant to a plea agreement, defendant-appellant pleaded guilty in common pleas court case No. 2003–CR–242 to two counts of rape of a child under 13. R.C. 2907.02(A)(1)(b). In exchange, the state dismissed charges of gross sexual imposition and sexual battery. Defendant also pleaded guilty in case No. 2003–CR–274 to attempted escape, R.C. 2923.02(A) and 2921.34, and vandalism, R.C. 2909.05. As part of the plea agreement, the parties jointly agreed upon a four-year sentence on each count of rape, to be served concurrently, and the state recommended community control on the attempted-escape and vandalism charges with a four-year underlying sentence, to commence after defendant's release from prison in case No. 2003–CR–242. In addition, the parties stipulated to the classification of sexually oriented offender for defendant.

{¶ 2} The trial court accepted defendant's guilty pleas and imposed the jointly recommended sentence of four years on each count of rape, to be served concurrently. The court also sentenced defendant to three years for attempted escape and 11 months for vandalism, to be served concurrently with each other and the rape charges, for a total sentence of four years. The court designated defendant a sexually oriented offender.

{¶ 3} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that she could not find any meritorious issues for appellate review. We notified defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision on the merits.

{¶ 4} Appellate counsel has identified two potential issues that might arguably support an appeal. One is that the trial court erred when it concluded that defendant made a knowing, intelligent, and voluntary waiver of his rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and overruled defendant's motion to suppress the statements he made to police. Defendant's guilty plea, however, precludes him from raising any issue pertaining to the trial court's rulings on pretrial motions. *Ross v. Court* (1972), 30 Ohio St.2d 323, 59 O.O.2d 385, 285 N.E.2d 25; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927. This issue has no arguable merit.

{¶ 5} The other possible issue for appeal raised by appellate counsel is more problematic: that defendant's guilty pleas were not knowing and voluntary because during the plea colloquy the trial court informed defendant that he was eligible for community control. Just the opposite was in fact true.

{¶ 6} With respect to the rape charges to which defendant pleaded guilty, a prison term is mandated by R.C. 2929.13(F)(2). Nevertheless, the plea form that defendant signed indicates that the maximum sentence for all of the offenses to which he was pleading guilty was 26 years and that none of it was mandatory time. That was incorrect and potentially misleading. The plea form also specified that defendant was eligible for community control instead of a prison term. Because the form did not clarify that defendant was eligible for community control only with respect to the escape and vandalism charges, and not the rape charges, it was potentially misleading.

{¶ 7} During the plea proceedings the trial court reviewed the plea agreement with defendant as follows:

{¶ 8} "THE COURT: Now, it is my understanding that you and your counsel have entered into an agreement with the State of Ohio. That agreement is as follows: In consideration of the Defendant's pleas of guilty to counts three and four of the indictment in Case Number 2003–CR–242, the State and defense present a sentence of four years on each count, concurrent, for a total sentence of four years.

{¶ 9} "The State and defense also stipulate to a sexually oriented offender status for the Defendant.

{¶ 10} "In return for Defendant's plea of guilty as charged in 2003–CR–274, the State recommends Community Control with a four year underlying sentence, the same to commence upon the Defendant's release from incarceration in Case Number 2003–CR–242.

{¶ 11} "Is that your understanding of the agreement that has been negotiated between you and the State of Ohio?

{¶ 12} "A. Yes, sir."

{¶ 13} The court also advised defendant that it was not bound by the terms of the plea agreement. The court then explained that the maximum possible sentence for all these offenses was 26 years and explained the possible sex-offender classifications and the requirements they impose. In explaining postrelease control, the court prefaced the discussion by saying, "Should the court sentence you to prison * * *." The court then informed defendant that he was eligible for community control and informed him of the requirements that community control might entail and the possible consequences of violating community control.

{¶ 14} While it can be argued that the court's remarks about eligibility for community control apparently referred to the escape and vandalism charges and that defendant should have known from the terms of the plea agreement that he was going to serve four years in prison, neither the plea form defendant signed nor the court's colloquy with defendant make it clear that with respect to the rape charges a prison term was mandatory and that defendant was therefore not eligible for community control.

{¶ 15} In *State v. Marbury*, Montgomery App. No. 19226, 2003-Ohio-3242, 2003 WL 21419286, ¶ 7 and 8, we observed:

{¶ 16} "We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' [386 U.S. at 744, 87 S.Ct. 1417, 18 L.Ed.2d 522.] If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *State v. Pullen* (Dec. 6, 2002), Montgomery App. No. 19232 [2002-Ohio-6788, 2002 WL 31769193].

{¶ 17} "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. *Pullen, supra.*"

{¶ 18} The error we have identified is not wholly frivolous, because it raises an issue concerning whether defendant was misinformed or misled about his eligibility for community control, Crim.R. 11(C)(2)(a), which if true would render his guilty pleas less than knowing and voluntary. Therefore, we will set aside the *Anders* brief that was filed and appoint new counsel to represent defendant Chessman. Counsel is free, of course, to raise any other issues that counsel believes has merit.

So ordered.

JAMES A. BROGAN, P.J., THOMAS J. GRADY and MARY E. DONOVAN, JJ., concur.