OPINION
{¶ 1} In 1999, Quintin E. Moore was indicted on, and pleaded guilty to, nine felonies in connection with his robbery of a store in Kettering, Ohio, and his subsequent *Page 2 
efforts to evade police: one count of failure to comply with an order or signal of a police officer, one count of having a weapon while under a disability, one count of aggravated burglary, four counts of kidnaping, and two counts of aggravated robbery. (The disability exists because of his 1981 murder conviction.) He faced a maximum punishment of 81.5 years in prison, but in exchange for pleading guilty to each count, the prosecutor agreed to recommend a 15-year sentence, which the trial judge imposed.
 {¶ 2} Since then, he has thrice tried to get a second bite at the apple. Later in 1999, he filed a post-conviction petition to vacate or set aside his sentence pursuant to R.C. 2953.21, but it was dismissed as untimely. The next year, Mr. Moore asked this court if he could file a delayed appeal; we demurred and dismissed his motion for lack of jurisdiction. In August, 2007, eight years after he entered his guilty pleas, he filed, in the Greene County Court of Common Pleas, a Criminal Rule 32.1 motion to withdraw them. The trial court overruled the motion, concluding that he failed to satisfy the rule; it is this decision to which Mr. Moore assigns error.
 {¶ 3} Three briefs were filed in this appeal. Mr. Moore's appellate counsel filed an Anders brief, relating to us that he could find no meritorious issue for appellate review and asking to withdraw from the case. See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396. We notified Mr. Moore of this and gave him the opportunity, if he disagreed with counsel, to file a supplemental pro se brief that raises any issue he believes has merit. He does disagree, and in his brief he contends ineffective assistance of counsel rendered his guilty pleas less than knowing and voluntary.
 {¶ 4} We are charged by Anders to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his *Page 3 
pro se brief are "wholly frivolous." Id. at 744. If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. State v. Pullen, Montgomery App. No. 19232, 2002-Ohio-6788, ¶ 2.Anders equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." Id. at ¶ 4; State v. Marbury, Montgomery App. No. 19226, 2003-Ohio-3242, at ¶ 7-8; State v. Chessman, 161 Ohio App.3d 140,2005-Ohio-2511, at ¶ 16-17 (quoting the same).
 {¶ 5} Criminal Rule 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because Mr. Moore asked to withdraw his pleas after sentencing, the standard the trial court used was "manifest injustice." While courts have given a variety of definitions to this idea, "it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. The burden of proof falls upon Mr. Moore to show support in the record or with affidavits-not with mere allegations only-for his claim of manifest injustice. Id. Finally, we mention, though there is no time period in which a motion to withdraw must be filed, the Ohio Supreme Court has said that "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of *Page 4 
the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Id. We observe there is an unexplained, eight-year delay between the time Mr. Moore entered his guilty pleas and the time he requested to withdraw them.
 {¶ 6} Ineffective assistance of counsel is "a proper basis for seeking postsentence withdrawal of a guilty plea." State v. Turner,171 Ohio App.3d 82, 2007-Ohio-1346, at ¶ 9. When a defendant claims ineffective assistance of counsel, he must show, in addition to specific, egregious defects in counsel's performance, prejudice to a substantial right.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v.Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, vacated in part on other grounds, Lytle v. Ohio (1978), 438 U.S. 910. Where a defendant claims deficient performance infected his guilty plea, there is prejudice if the defendant likely would not have pleaded guilty but for counsel's errors. See State v. Stewart (1977), 51 Ohio St.2d 86, 93,364 N.E.2d 1163.
 {¶ 7} In his motion, Moore asserted that his trial counsel was ineffective by failing to inform him that his sentence could be enhanced by "unconstitutional findings" that were not made by a jury. In support of his motion, he cites the case of Apprendi v. New Jersey (2000),530 U.S. 466. The State countered that Apprendi had no application to Moore since his conviction was final at the time State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 was decided, which applied Apprendi to Ohio's Felony Sentencing Law.
 {¶ 8} In his appellate brief, Moore argues that his counsel was ineffective in coercing him into pleading guilty, telling him he would receive the maximum sentence of *Page 5 
184 years if he did not. The State properly notes that this allegation of ineffectiveness was not the basis of his motion filed in the trial court. The only matter before us is whether counsel was ineffective in not asserting Apprendi at the time Moore was sentenced. Since Moore's appeal was not pending when Foster was decided, he was not entitled to benefit from the Supreme Court's holding in that case. Counsel was therefore not ineffective for not asserting that Moore was entitled to have a jury make the necessary sentencing findings. The assignment raised by Appellant in his own brief is Overruled.
 {¶ 9} We have examined the record as it relates to this appeal and find Moore's appeal "wholly frivolous." Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396. The judgment of the trial court is Affirmed.
FAIN and GRADY, JJ., concur. *Page 1