[Cite as *State v. Hammond*, 2019-Ohio-1255.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28056 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1401 |
| | : | |
| DAVID S. HAMMOND | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 20 South Main Street, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the July 10, 2018 Notice of Appeal of David S. Hammond. Hammond's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were no potentially meritorious issues to raise on appeal. On December 11, 2018, we notified Hammond of the *Anders* brief and granted him 60 days to file a pro se brief assigning any errors for our review. Hammond has not filed a pro se brief.

**{¶ 2}** Hammond appeals from a June 21, 2018 judgment entry of conviction, following his guilty plea to breaking and entering (unoccupied structure), in violation of R.C. 2911.13(A), a felony of the fifth degree. Hammond was sentenced to community control sanctions for a period not to exceed five years. One of the requirements of community control was that Hammond pay restitution to Tree Care Inc. in the amount of $7,845; at the sentencing hearing, Hammond waived his right to a hearing on restitution and agreed to pay this amount. On appeal, counsel for Hammond asserts that she "cannot find any arguments with merit to raise with the Court."

**{¶ 3}** We have previously discussed our responsibilities when an *Anders* brief is filed:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

(Internal citations omitted.) *State v. Chessman*, 161 Ohio App.3d 140, 2005-Ohio-2511, 829 N.E.2d 748, ¶ 15 (2d Dist.), quoting *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7-8.

**{¶ 4}** Having reviewed the entire record, we conclude that this appeal is frivolous. The record reflects that Hammond entered his guilty plea knowingly, intelligently and voluntarily after a thorough Crim.R. 11 colloquy with the court on June 6, 2018. The court ordered a presentence investigation, then sentenced Hammond on June 20, 2018. The following exchange occurred at that time:

THE COURT: Mr. Hammond, I have received the pre-sentence investigation report but I understand there's an issue as to the amount of restitution to be paid in this case. So before the Court wants to sentence you, I need to set this down for a hearing to determine the restitution amount and I'm going to set this down for a hearing on July 11th at the end of docket which would be 3:00 p.m. for a restitution hearing and I'm directing the Prosecutor's office to make sure that we have sufficient witnesses here to establish restitution in this case. So I will see you back then.

* * *

(Recess taken)

[PROSECUTOR]: You Honor, recalling on page 13, David Hammond, 2018-CR-1401. * * *

[DEFENSE COUNSEL] HODGE: * * * Judge, Mr. Hammond understands that he's getting community control when this case is concluded and he indicates he'd rather consent to the restitution as contained in the PSI and accept that and be put on CCS today.

THE COURT: Mr. Hammond, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And that restitution amount sir, that I would be ordering would be $7,845 to be paid in an amount not less than $25 per month. So before I go forward, that's what I would be doing.

THE DEFENDANT: $25 a month?

THE COURT: The minimum that you would have to pay through the Probation Department.

* * *

THE DEFENDANT: Okay.

MR. HODGE: That's for like nine years, or something.

THE DEFENDANT: Yeah, I'll be paying for - - Yes, sir, I understand.

THE COURT: Okay.

THE DEFENDANT: So I can make payments - -

MR. HODGE: Yes, $25 a month, during which - -

THE DEFENDANT: Well, but I got to pay more than that.

THE COURT: You're going to have to more than that because it needs to be paid off during the term of your probation.

(Counsel confers with client)

THE COURT: So they'll talk to you about how much to make and so forth. * * *

* * * Mr. Hammond, I have received the pre-sentence investigation report. I've had the opportunity to talk with your attorney. Mr. Hodge, anything further you wish to say?

MR. HODGE: No thank, Your Honor.

THE COURT: Mr. Hammond, anything you wish to say, sir?

THE DEFENDANT: No, sir.

THE COURT: Sir, I have considered the purposes and principles of sentencing in the Ohio Revised Code 2929.11 and seriousness and recidivism factors in Ohio Revised Code 2929.11 [sic]. And sir, you do have the right to have a restitution hearing if you disagree with the restitution. And you're waiving your right to have that hearing and agreeing to that amount I just told you; is that correct?

THE DEFENDANT: Yes, sir.

{¶ 5} When the court imposed sentence, it ordered, as a community control sanction, payment of restitution in the amount of $7,845 to Tree Care, Inc. The court imposed additional terms of community control, including that Hammond: 1) receive a substance abuse assessment and complete treatment if he tested positive for any illicit

substance while on community control; 2) complete the Personal Planning Project; 3) establish contact with Miami Valley Works at the Day Reporting Center and comply with any recommendations by that agency; 4) not enter onto the property of Tree Care, Inc. or any abandoned or vacant properties; 5) complete 40 hours of community service; 6) provide verification of suitable housing within 30 days; 7) abstain from the use of alcohol and illegal drugs; 8) not enter any structure where illegal drugs, stolen property or firearms may be present; and 9) pay court costs.

{¶ 6} After Hammond knowingly, intelligently, and voluntarily entered his plea, he waived his right to a restitution hearing and agreed to pay restitution. The trial court imposed the agreed-upon amount of restitution. Having reviewed the entire record pursuant to *Anders*, we find no meritorious issues for appeal. The judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Andrea G. Ostrowski
David S. Hammond
Hon. Dennis J. Adkins