[Cite as *Zanesville v. Johnson*, 2024-Ohio-289.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| CITY OF ZANESVILLE | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0042 |
| TISEAN JOHNSON | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Appeal from the Zanesville Municipal Court,
                             Case No. 21TRC02052A


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 26, 2024


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

DAVID TARBET                          CHRIS BRIGDON
Law Director                          8138 Somerset Road
City of Zanesville                    Thornville, OH 43076
401 Market Street
Zanesville, OH 43702

*Gwin, P.J.,*

{¶1} This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by counsel for Defendant-appellant Tisean Johnson [Johnson] after his conviction and sentence following a jury trial in the Zanesville Municipal Court, Muskingum County, Ohio.

*Facts and Procedural History*

{¶2} On November 13, 2021 at 2:30 am Johnson was driving a 2007 Volvo station wagon southbound on Linden Avenue in the City of Zanesville. T. at 97. Ohio State Highway Patrol Trooper Jonah Carson was patrolling in the area southbound on Linden and was behind Johnson's car. T. at 97. Trooper Carson recorded the encounter on the cruiser's video dashcam. T. at 96-97; City's Exhibit B.

{¶3} Trooper Carson testified that he observed Johnson's car swaying and driving close to the center yellow line of the roadway. T. at 102. He further testified that he observed the car drive onto the centerline. Id. at 102; 107-108. The Trooper observed Johnson go "a hair over the center line" and "jerking" the wheel once he crossed the railroad tracks. Id. at 108. The Trooper admitted that it was difficult to see the violations on the video. Id. at 106.

{¶4} Upon activating the lights of his cruiser, Johnson's car slows and appears to stop; however, the car slowly moves forward and makes a right turn before finally coming to a stop. City's Exhibit B. Johnson immediately exits the car, explaining that he wanted to show the trooper that he was not armed and was no threat to the trooper. Id. Johnson denied that he had driven left of the centerline. Id. Trooper Carson testified that he could smell a strong odor of alcohol of Jonson's breath. T. at 120. When asked,

Johnson told the trooper that he had consumed 2 Guinness stouts. T. at 116. The trooper noted that Johnson had poor finger dexterity, red and bloodshot eyes and slurred speech. T. at 120-123.

{¶5} When Trooper Carson asked Johnson to remove his cap so he could perform the standardized Field Sobriety Tests [FST's], Johnson continuously questioned the trooper as to the necessity to do so. City's Exhibit B; T. at 118-120. Johnson eventually refused to perform the FST's. T. at 120. Upon testing the windows of Johnson's car before it was towed, Trooper Carson determined that the window tint on Johnson's car was between 17 -19% transparency. Id. at 104-105. Trooper Johnson then arrested Johnson and transported him to the station. While at the station, Johnson refused a breath test or a urine test. T. at 128.

{¶6} Johnson was charged with one count of OVI, "under the influence" in violation of R.C. 4511.19(A)(1)(a); Lanes of Travel Upon Roadways [Left of Center] in violation of R.C. 4511.25; and Rules Governing Materials Used in Windshields and Windows in violation of R.C. 4513.241.

{¶7} The jury found Johnson guilty of OVI "under the influence." The jury found Johnson not guilty of Lanes of Travel Upon Roadways [Left of Center] and Rules Governing Materials Used in Windshields and Windows.

## Potential Assignments of Error

{¶8} Here, appellate counsel has not specifically identified any potential error stating,

{¶9} "I. THERE IS NOT A NONFRIVOLOUS ISSUE REGARDING THE DEFENDANT'S CONVICTION OF COUNT 1 AND THE SUBSEQUENT SENTENCING.[1]"

## Standard of Review - *Anders v. California*

{¶10} Johnson's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Johnson by Judgment Entry filed October 16, 2023 that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date, i.e. December 15, 2023 to file a pro se brief. *Judgement Entry*, filed October 16, 2023. Johnson has not filed a pro se brief; however, a review of our casefile and the Clerk of Court's docket reveal that there is one certified mail envelope and one regular U.S. Mail envelope addressed to Johnson that were returned marked:

RETURN TO SENDER

NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD[2]

{¶11} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine

---

[1] No transcript of Johnson's sentencing hearing was filed with the record in this case.

[2] We note the address which was provided by appellate counsel is not the same address as the address for Johnson provided on the Uniform Traffic citation issued in this case.

if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶12}    *"Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2nd Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4; *State v. Marbury,* 2nd Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8; *State v. Chessman,* 161 Ohio App.3d 140, 829 N.E.2d 748, 2005-Ohio-2511 (2nd Dist.), ¶ 16-17 (quoting the same)." *State v. Moore*, 2nd Dist. Greene App. No. 07-CA-97, 2009-Ohio-1416, ¶4.

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist that could arguably support an appeal.*

{¶13}  Appellant's counsel repeatedly and mistakenly refers to the proceedings in the trial court as a "bench trial."  See, *Appellant's Brief* at 2, 3, 5 (referring to "change of plea hearing" and "bench trial"); and 7.  A simple reading of the *transcript* and the *jury verdict forms* filed in this case would lead one to undeniably conclude that Johnson was, in fact, convicted after a *jury trial* of one count of OVI; further, the jury found Johnson Not Guilty of Lanes of Travel Upon Roadways [Left of Center] and Rules Governing Materials Used in Windshields and Windows.

{¶14} Counsel has not set forth any proposed Assignments of Errors. Counsel does, however, suggest that the conviction is not against the sufficiency of the evidence, or the manifest weight of the evidence. [Appellant's brief at 7-8]. Counsel further notes that although the Trooper did not identify Allen during his trial, this was harmless error as the trier of fact was able to view the video recording of Johnson's encounter with the trooper. [Appellant's brief at 8-9].

{¶15} It appears that Johnson has not remained in contact with the Clerk of Courts or his attorney concerning his present address. Johnson has not filed a pro se brief[3], and the state has not filed a response to counsel's *Anders* brief.

{¶16} After independently reviewing the record we find no error prejudicial to Johnson's rights in the proceedings in the trial court. Attorney Chris Brigdon's motion to withdraw as counsel for Appellant is hereby granted. *State v. Hensley*, 12th Dist. Clermont No. CA2023-08-052, 2024-Ohio-125, ¶ 3

---

[3] Counsel's appeal brief was sent to the same address that our Judgment Entry filed October 16, 2023 was sent and returned unserved. See, Note 2.

{¶17} The judgment of the Zanesville Municipal Court, Muskingum County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur