[Cite as *State v. Morris*, 2024-Ohio-2683.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| TYLER MORRIS aka TYLER MULLINS, | : | Case No. 23-COA-013 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County
Court of Common Pleas, Case No.
1-CRI-218

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        July 15, 2024

APPEARANCES:

For Plaintiff-Appellee

Ashland County Prosecutor
Appellate Division
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Rd, Suite 8A
Cincinnati, Ohio 45242

*Baldwin, J.*

{¶1} The appellant appeals his sentence following a re-sentencing hearing on remand. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2} In 2019, when the appellant was seventeen (17) years old, he engaged in a drug sale with a co-defendant and, when the purchaser failed to pay for the drugs, appellant instigated a shooting that resulted in one death. More specifically, the appellant utilized his planning and verbal comprehension skills, and organized his cohorts to go and retrieve the money owed to him. He supplied the logistical support, the firearm, and the means and the motive to commit murder and attempted murder. The appellant was tried as an adult and found guilty by a jury of several charges, including two counts of complicity to aggravated murder and two counts of complicity to attempted aggravated murder. He was sentenced to an indefinite life sentence with the possibility of parole after 38 – 45 years. The appellant appealed the decision, and this Court affirmed in *State v. Morris,* 2021-Ohio-2646 (5th Dist.).

{¶3} The appellant appealed the decision to the Ohio Supreme Court, which held:

Because the trial court failed to consider Morris's youth as a factor in sentencing, we hold that the trial court's sentence of life imprisonment constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution. Accordingly, we reverse the judgment of the Fifth District Court of Appeals and remand the case to the trial court to vacate Morris's

sentence and resentence him after considering his youth as a mitigating factor.

> Judgment reversed and cause remanded.

*State v. Morris,* 2022-Ohio-4609, ¶17. The matter was therefore remanded back to the trial court for further proceedings consistent with the Court's decision.

**{¶4}** On April 30, 2023, the appellant filed the Defendant's Sentencing Memorandum in which he argued that the trial court, considering the appellant's "youth and its attendant characteristics" and the "broader principals and purposes of felony sentencing," should impose a mandatory minimum sentence of 20 years to life on one count of complicity to aggravated murder, with the sentences on the remaining counts to run concurrently for a total aggregate sentence of 20 years to life in prison and applicable jail or detention time credit applied. On June 22, 2023, the appellee filed a Presentence Submission to which it attached the appellant's Full Institutional Report Summary from the Ohio Department of Rehabilitation and Correction, and a transcript of the original sentencing hearing. On June 26, 2023, the appellant filed a Supplemental Exhibit to Defendant's Sentencing Memorandum to which he attached a letter from J.D., who supervised the appellant's probation for a period of time during her employment with the Ashland County Juvenile Court.

**{¶5}** A re-sentencing hearing was conducted on June 26, 2023. The trial court noted at the onset of the hearing that a jury had found the appellant guilty as follows:

> Count 1 being Complicity to Aggravated Murder, Unclassified Felony, together with a related gun specification. Count 2, Complicity to Aggravated Murder, Unclassified Felony, together with a gun specification.

Count 7, Complicity to Aggravated Burglary, Felony of the First Degree, together with a gun specification.

Count 8, Complicity to Aggravated Robbery, a Felony of the First Degree, together with a related gun specification.

Count 9, Complicity to Attempted Aggravated Murder, Felony of the First Degree with a gun specification.

Count 10, Complicity to Attempted Aggravated Murder, Felony of the First Degree together with a gun specification.

Count 11, Aggravated Trafficking in drugs, Felony of the 4th Degree.

And Count 12, Unlawful Transaction in Weapons, Felony of the 4th Degree.

Count 13, Improperly Furnishing Firearms to a Minor, a Felony of the 5th Degree.

It noted further that the appellant had ultimately appealed the original sentence to the Ohio Supreme Court, who remanded the matter to the trial court for re-sentencing after consideration of the appellant's youth as a mitigating factor.

{¶6} A letter prepared by the appellant was read into the record, and appellant urged the trial court to impose a lesser sentence. The appellee presented arguments in support of imposing the same sentence. The trial court reviewed the pre-sentence investigation, the full case history, and the audio-recordings of the original sentencing. It considered the arguments, as well as the appellant's youth as a mitigating factor. In fact, the court specifically stated that it considered the mitigating factors set forth in R.C.

2929.11(B) and "the five factors dealing with the Defendant's age as he was under the age of 18 at the time that this was committed." The trial court stated further:

> The Court has considered among others the seriousness factors set forth in the Pre-Sentence investigation, including harm to both victims and the fact that this did involve a conspiracy to commit crime, that was committed by others. I have considered the factors that show that recidivism is likely, including your juvenile history and the fact that you were on juvenile probation at the time, I specifically considered the factors of recidivism to be unlikely *and I have included in that the mitigating factors that the State set forth under 2929.11(B) and the five factors dealing with the Defendant's age as he was under the age of 18 at the time that this was committed.*
>
> I am not going to repeat those five factors for the record as the State has already laid them out, *but the Court has considered those in consideration of this Sentence.*
>
> I understand that the Supreme Court indicates that Judge Forsthoefel did not explicitly consider your age, but when I reviewed the record, I think there are many references to your age, to your immaturity, and your IQ, and that you had a significant juvenile record that was mentioned, including five offenses over a two year period including violent offenses, including drug related offenses and both of which is why you sit here today.
>
> You have multiple probation violations and the Court has considered your age at the time of offense and your juvenile history.

In looking at the original letters in support of you, all of them indicated that they felt that you desired -- that you had a sincere desire to change. To put your criminal behavior behind you, but as was mentioned by the State, the report that was filed from the institution showed that you continued in this behavior while you were incarcerated. You were fighting, you were intoxicated and I think worst of all, you propositioned the guard to set up another crime ring to bring in drugs and phones.

So here we are nearly four years later and you are 21, and you are continuing to engage in violence and you are continuing to engage in drug seeking behavior.

Going back to the time of this offense, you decided that a human life, really two lives, were not worth more than 50 dollars.

You were selling drugs and you did not get paid, so you provided a gun to your friends and sent them off to kill these two individuals.

This was a preplanned revenge killing, premeditated, discussed in advance, and because of you, someone's son, someone's brother, someone's uncle, a human life is gone and many lifes' [sic] have been affected.

*So while your age is something to consider in mitigation, I do not find that it outweighs the seriousness of these offenses.*

Quite frankly, when I go back and look at Judge Forsthoefel's sentence, I am not convinced that I would have done the same sentence, I think these facts could have easily justified maximum consecutive

sentences on every count. I think that your behavior while you were incarcerated has supported that and I think that would ultimately satisfy the burden of this Court to provide a logical nonvindictive reason for imposing a longer sentence.

In fact the 5th District recently upheld Judge Forsthoefel in doing just that in State versus Watson.

But I do not want to create yet another appeal issue and put this family through it once again, but I also do not -- I am not going to deviate upwards, but I also do not see any reason to deviate downwards. I think that the sentence imposed by Judge Forsthoefel is consistent with the purposes and principles of sentencing, and I think that to deviate downward would demean the seriousness of the offense, and would be inconsistent with the purposes and principles of sentencing.

(Emphasis added.)

{¶7} The trial court thus found that, while the appellant's age at the time of the offenses was something that it considered, it did not outweigh the seriousness of the offenses of which the appellant was found guilty. Accordingly, the trial court, after duly considering the appellant's youth as a mitigating factor, re-sentenced him to the same sentence as was previously imposed - an aggregate prison term of life with parole eligibility after thirty-eight (38) to forty-five (45) years, with credit for time served. The sentence was memorialized in a July 10, 2023, Judgment Entry – Sentencing.

**{¶8}** The appellant filed a timely appeal and was appointed appellate counsel, who filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he set forth the following potential assignment of error:

**{¶9}** "I. THE SENTENCE OF LIFE IMPRISONMENT WITHOUT OPPORTUNITY FOR PAROLE OF A TWENTY-ONE-YEAR-OLD MAN IS CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT."

**STANDARD OF REVIEW**

**{¶10}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes that the appeal is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶11}** On February 20, 2023, in addition to an *Anders* brief, counsel for appellant filed a motion to withdraw in which he informed this Court that: (1) he had made a review of the entire record and determined that there were no viable issues which would support an appeal; (2) that he filed a brief identifying one potential issue and requesting that this

Court make an independent review of the record to determine whether there are any additional issues that would support an appeal; and (3) that on February 14, 2024, he served a copy of the motion, a copy of the brief, and notice that a pro se brief must be filed within 21 days upon the appellant by regular U.S. mail at Lebanon Correctional Institution, P.O. Box 56, Lebanon, OH 45036. We granted counsel's leave to file the appellant brief instanter by Judgment Entry dated February 29, 2023. In addition, we informed the appellant by Judgment Entry dated February 22, 2024, that his attorney had filed an *Anders* brief on his behalf, and granted him sixty days from the date of the entry to file a pro se brief in support of the appeal. The appellant has not filed a pro se brief.

**{¶12}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders.* Accordingly, we review the proposed assignment of error and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.). *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

**ANALYSIS**

**{¶13}** R.C. 2929.19(B)(1)(b) addresses the sentencing of an offender who was a youth at the time the offense was committed, and states:

> If the offense was committed when the offender was under eighteen years of age, in addition to other factors considered, consider youth and its characteristics as mitigating factors, including:
>
> (i)     The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;
>
> (ii)     The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;
>
> (iii)     The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;
>
> (iv)     Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v)    Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

{¶14} The trial court heard arguments regarding these five factors during the sentencing hearing, and considered them when it determined that the original sentence should be re-imposed. The record supports the conclusion that the trial court duly considered the appellant's youth and its characteristics in re-sentencing the appellant, including but not limited to his chronological age at the time of the offense and that age's hallmark features; the appellant's family and home environment at the time of the offense, and his school and special education history; the circumstances of the offense, including the extent of the appellant's participation in the conduct and the way peer pressures came into play, noting that it was the appellant who applied peer pressure upon his cohorts to engage in the criminal conduct that resulted in the death of one person; and, examples of the appellant's lack of rehabilitation during confinement, noting that he had engaged in fighting, intoxication, and propositioning a guard to set up another crime ring to bring in drugs and phones into prison.

{¶15} We find no arguably meritorious issues exist with regard to the sentence re-imposed upon the appellant by the trial court following remand from the Ohio Supreme Court. The trial court properly considered the appellant's youth at the time the offenses were committed as a mitigating factor, and committed no error in its re-sentencing of the appellant.

**CONCLUSION**

{¶16} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that there are no non-frivolous claims that exist which would justify remand or review of the appellant's sentence or a modification of the sentence currently imposed. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Christopher Bazeley's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Ashland County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.