**[Cite as *State v. Skelly*, 2025-Ohio-981.]**

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| BRYAN SKELLY, | : | Case No. 24CA014 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Holmes County
                                            Court of Common Pleas, Case No.
                                            23CR130

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT:                           March 20, 2025

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

MATTHEW MUZIC                               DAVID M. HUNTER
Holmes County Prosecuting Attorney          244 West Main Street
164 East Jackson Street                     Loudonville, OH  44842
Millersburg, OH  44654

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** On October 22, 2023, Bryan Skelly ("Skelly") entered the home of Stephen Rice ("Rice") while Rice and his wife were asleep on the couch. Skelly entered the house through a closed door without the permission of Rice. After entering the house, Skelly took trail bologna from the refrigerator and Rice's wallet. Skelly exited the Rice home through the same door upon which he entered taking with him the trail bologna and wallet. Rice was unaware that Skelly entered his home and took the aforementioned items until the following day. Skelly returned the wallet with all its contents to Rice on October 23, 2023.

**{¶2}** Bryan Skelly was charged with one count of Burglary in violation of R.C. 2911.12(A)(1) and one count of Trespass in violation of R.C. 2911.12(B) in the Holmes County Common Pleas Court. (*Indictment,* p. 1.) Skelly stipulated to his guilt on the count of Trespass and the case proceeded to trial on the issue of Burglary. A bench trial was held on May 22, 2024, and Skelly was found guilty on both charges. (*Journal Entry - Defendant Found Guilty of Counts One and Two*, p. 2.) On July 22, 2024, Skelly was sentenced to 120 days in the Holmes County Jail. (*Uniform Sentencing Entry.*)

**{¶3}** Skelly maintains that he was intoxicated at the time he trespassed into the Rices' home. He argues that due to his intoxication, he did not enter the residence with the purpose of committing a crime thus negating that element of the crime of Burglary. (*Trial T.,* p.35.) The court found that Skelly trespassed into the home of Rice and during the trespass deprived Rice of his property. The court found that voluntary intoxication does not negate the mens rea of "purpose to deprive the owner" as required by Theft.

The court found that Skelly committed Theft while trespassing, thus is guilty of Burglary. (*Journal Entry*, p.2.)

**{¶4}** Skelly's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## STANDARD OF REVIEW

**{¶5}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. 386 U.S at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶6}** Attorney David H. Hunter, appellate counsel for Skelly, filed an *Anders* brief and moved to withdraw on November 4, 2024, informing this Court that he has reviewed the original court file, the transcripts of all proceedings, has reviewed the applicable law and can find no error committed by the trial court prejudicial to the rights of Skelly which may be argued to this Court on appeal. Attorney Hunter requested that this Court review the transcript of proceedings and the case file to determine whether any possible error

exists. This Court informed Skelly in a November 24, 2024 Judgment Entry that the Court received notice that he had been informed by his attorney that an *Anders* brief had been filed on his behalf, and that he had been supplied with a copy thereof. In addition, the Judgment Entry granted Skelly sixty days from the date of the Entry to file a pro se brief in support of his appeal. Skelly has not filed a pro se brief.

**{¶7}** The record establishes that Skelly's counsel satisfied the *Anders* requirements. Accordingly, we will proceed to review the findings of the trial court to determine if any arguably meritorious issues exist keeping in mind that,

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.); *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

**{¶8}** The Notice of Appeal filed on Skelly's behalf on July 25, 2024, states that he is appealing the Judgment Entry entered in the trial court on July 22, 2024, but does not assert any assignments of error. Skelly has not filed a pro se brief in support of his appeal. Upon review of the record, it is clear that Skelly committed Theft while trespassing, therefore is guilty of Burglary in violation of R.C. 2911.12(A)(1). Skelly's sole defense during the trial was that he was intoxicated and therefore did not have the mens

rea to commit the Theft. The trial court rejected this argument, and this Court agrees with the trial court.

## CONCLUSION

{¶9}    Based upon the foregoing, after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of Appellant's conviction or sentence. We therefore find an appeal to be wholly frivolous under *Anders.* Attorney Hunter's motion to withdraw as counsel for Appellant is hereby granted and the judgment of the Holmes County Common Pleas Court is hereby affirmed.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.