[Cite as *State v. Crawford*, 2026-Ohio-321.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 0028 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2024-CR-0571 N |
| CHRISTOPHER CRAWFORD, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 2, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JODIE SCHUMACHER, for Plaintiff-Appellee; NADINE HAUPTMAN, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Christopher Crawford, appeals his convictions and sentence for aggravated trafficking in drugs (methamphetamine) and aggravated possession of drugs (methamphetamine). The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On September 26, 2024, the Richland County Grand Jury indicted the appellant on one count of Aggravated Trafficking in Drugs (methamphetamine) and Aggravated Possession of Drugs (methamphetamine).

{¶3}   On February 10, 2025, the appellant pleaded guilty to both counts in the indictment. The appellant was informed that he was facing a maximum prison term of fifteen to twenty years with a minimum sentence of two years.

**{¶4}** On April 7, 2025, the trial court held a sentencing hearing and imposed a sentence of four to six years in prison, and the appellant was advised of post-release control.

**{¶5}** The appellant filed a timely notice of appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel sets forth the following potential assignments of error:

**{¶6}** "I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

**{¶7}** "II. TRIAL COUNSEL WAS INEFFECTIVE."

**{¶8}** The appellee has failed to file a brief in this matter.

### *ANDERS* STANDARD OF REVIEW

**{¶9}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, the appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶10} Attorney Nadine Hauptman, counsel for appellant, moved to withdraw on September 3, 2025, pursuant to *Anders*, informing this Court that she had conscientiously examined the case, reviewed the entire record, searched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Hauptman requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and certified that she provided a copy of the Appellant's *Anders* Brief, along with copies of the relevant transcripts, to the appellant.

{¶11} In addition, the Court informed the appellant in a September 12, 2025, Judgment Entry that the Court received notice that he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy; and, granted the appellant sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant has not filed a pro se brief.

{¶12} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen*, 2002-Ohio-6788, ¶4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶16-17 (2nd Dist.).' *State v.*

*Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.)." *State v. Reynolds*, 2024-Ohio-1956, ¶10 (5th Dist.).

### *First Potential Assignment of Error*

**{¶13}** The appellant's counsel submits as a potential assignment of error that "the trial court erred in accepting Crawford's guilty pleas under Crim.R. 11[,]" and the trial court "erred in sentencing" the appellant. We disagree.

### *Crim.R. 11*

### ANALYSIS

**{¶14}** Our review of the record confirms that the trial court fully complied with Crim.R. 11 when it accepted the appellant's guilty plea, engaging in a thorough colloquy with the appellant regarding his change of plea to guilty. The trial court advised the appellant of the constitutional rights he was giving up by pleading guilty, and informed him regarding maximum potential penalties, including the fact that by pleading guilty he was subject to a mandatory prison sentence and post-release control. The trial court questioned the appellant to determine whether his plea was validly entered, and determined it was.

**{¶15}** Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's guilty plea.

### *Trial Court Erred in Sentencing*

**{¶16}** R.C. 2953.08 governs appeals claiming a violation of felony sentencing guidelines. R.C. 2953.08(G)(2) describes this court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or division(I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶17} A sentencing is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 2019-Ohio-4209, ¶36 (12th Dist.). We have reviewed the record and found that the trial court fulfilled those requirements as it imposed the sentence, so we find no error.

### Second Potential Assignment of Error

{¶18} The appellant's counsel submits as a potential assignment of error that trial counsel was ineffective. We disagree.

## STANDARD OF REVIEW

{¶19} The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and was discussed by this court in *Mansfield v. Studer*, 2012-Ohio-4840 (5th Dist.):

A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, [113 S.Ct. 838]; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶20} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both prongs of *Strickland* and *Bradley*. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).

{¶21} To show deficient performance, the appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland* at 668. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland* at 687. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial process. *Strickland* at 688.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id*.

In light of the "variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064.

*Studer, supra*, at ¶¶58-61. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45 (1980).

**{¶22}** To demonstrate prejudicial ineffective assistance of counsel, the appellant must show a "reasonable probability that but for counsel's errors, the result of the trial would have been different." *Strickland* at 687-688. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶23}** Thus, in order to prevail on an ineffective assistance of counsel argument, the appellant must show both: 1) that his trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant; and, 2) that the appellant was prejudiced by such the alleged ineffectiveness.

## ANALYSIS

**{¶24}** In the case sub judice, the appellant argues that trial counsel was ineffective for failing to visit him in the county jail and filed a motion without his consent. We disagree.

**{¶25}** There is no evidence in the record that the appellant's trial counsel's performance fell below an objective standard of reasonableness or that anything trial counsel did resulted in prejudice to the appellant.

**{¶26}** Accordingly, we find no error.

## CONCLUSION

**{¶27}** Based upon the foregoing, and after independently reviewing the record, we agree with the appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under

*Anders*, grant counsel's request to withdraw, and affirm the judgment of the Richland County Court of Common Pleas.

{¶28}  Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.