[Cite as *State v. Cummings*, 2024-Ohio-5114.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2024-0043 |
| DIALLO CUMMINGS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2023-0709

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 23,, 2024

APPEARANCES:

For Plaintiff-Appellee

JOSEPH PALMER
Assistant Prosecutor
27 North 5th Street #201
Zanesville, OH 43701

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, Llc
545 Metro Place South, Ste. 100
Dublin, OH  43017

*Gwin, J.*

**{¶1}** This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by April F. Campbell, counsel for Defendant-appellant Diallo Cummings [Cummings] after his conviction and sentence following a negotiated guilty plea in the Muskingum County Court of Common Pleas. The state has not filed a brief.

*Facts and Procedural History*

**{¶2}** On April 8, 2021, the Muskingum County Grand Jury returned an Indictment charging Cummings with,

Count 1: Gross Sexual Imposition by force or threat of force, occurring between December 1, 2022 – December 31, 2022, a felony of the fourth degree in violation of R.C. 2907.05(A)(1) / (C)(1);

Count 2: Rape, by force or threat of force, occurring between December 1, 2022 – December 31, 2022, a felony of the first degree, in violation of R.C. 2907.02(A)(2) / (B);

Count 3: Kidnapping, by force or threat of force for purposes of engaging in sexual activity, victim less than eighteen years old, occurring between December 1, 2022 – December 31, 2022, a felony of the first degree in violation of R.C. 2905.01(A)(4) / (C)(1);

Count 4: Gross Sexual Imposition by force or threat of force, occurring between January 1, 2023 – February 7, 2023, a felony of the fourth degree in violation of R.C. 2907.05(A)(1) / (C)(1);

Count 5: Rape, by force or threat of force, occurring between January 1, 2023 – February 7, 2023, a felony of the first degree, in violation of R.C. 2907.02(A)(2) / (B);

Count 6: Kidnapping, by force or threat of force for purposes of engaging in sexual activity, victim less than eighteen years old, occurring between January 1, 2023 – February 7, 2023, a felony of the first degree in violation of R.C. 2905.01(A)(4) / (C)(1).

**{¶3}** On January 8, 2024, the Criminal Rule 11(C) and (F) plea form signed by Cummings, his attorney and the assistant prosecuting attorney was filed setting forth the terms for Cummings to enter a negotiated guilty plea. [Docket Entry Number 12]. Cummings agreed to plead guilty to Count 2, Rape, a felony of the first degree. Plea T. Jan. 8, 2024 at 3-4. In exchange for a plea, the state agreed to dismiss Counts One, Three, Four and Five of the indictment. There was no jointly recommended sentence.

**{¶4}** The trial judge conducted a change of plea hearing on January 8, 2024. The trial judge informed Cummings of the maximum penalties for the underlying charge and that the time was mandatory. Id. Cummings told the judge that he understood the maximum sentence and that the time in his case was mandatory. Id. Cummings told the judge that he understood he was not eligible for any type of early release. Id. Cummings understood that five years of post-release control was mandatory in his case. Id. at 6.

**{¶5}** The trial judge explained to Cummings his right to a jury trial. Plea T. at 11. The trial judge further explained to Cummings his right to the confrontation of witnesses against him; that the state must prove his guilt beyond a reasonable doubt at trial; that he could subpoena witnesses on his behalf, and that he cannot be compelled to testify

against himself. Plea T. at 11-12. Cummings acknowledged he understood his rights, the charges, that no sentencing agreement was reached by the prosecutor and his defense counsel, the maximum penalties, and the specific constitutional rights he was waving with the plea. Id.

{¶6} After accepting Cummings' plea of guilty, the trial judge deferred sentencing and ordered a pre-sentence investigation report. Plea T. at 13.

{¶7} On March 4, 2024, the trial judge conducted a sentencing hearing. The trial judge sentenced Cummings to a period of incarceration between eight and twelve years, with eight years mandatory. Sent. T. at 9. The judge imposed five years of mandatory post release control upon Cummings' release from prison. Cummings was further informed that as a sex offender, he was subject to Tier III sex offender registration.

{¶8} Cummings' appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### Standard of Review - *Anders v. California*

{¶9} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the

appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶10} By Judgment Entry filed June 21, 2024, this Court indicated that it had received notice pursuant to *Anders*, that Cummings was provided a copy of the appeal brief. We informed Cummings by the same Judgment Entry that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date, i.e. August 20, 2024, to file a pro se brief. Cummings has not filed a pro se brief.

{¶11} The record establishes that Cummings' counsel satisfied *Anders* three requirements. Accordingly, we will proceed to review the proposed assignment of error to determine if any arguably meritorious issues exist, keeping in mind that,

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."
> *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.).

*State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).

*Proposed Assignment of Error*

**{¶12}** "I. THE TRIAL COURT ERRED IN ACCEPTING CUMMINGS'S GUILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

### The Guilty Plea

**{¶13}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475(1981), *citing State v. Stewart*, 51 Ohio St.2d 86(1977).

**{¶14}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

**{¶15}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶16}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108(1990). "Substantial

compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, at ¶15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶15; *State v. Stewart*, 51 Ohio St.2d 86, 93(1977).

{¶17} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶9 (8th Dist.) *State v. Groves,* 2019 CA 00033, 2019-Ohio-5025, ¶7 (5th Dist.).

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist with respect to whether Cummings guilty plea was made knowingly, intelligently, and voluntarily.*

{¶18} A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶ 29 (5th Dist.). In the case at bar, we note a written plea of guilty form was signed by Cummings and his attorney, and filed in the trial court. Cummings acknowledged he reviewed the plea form with his attorney. Plea T. at 4.

{¶19} The trial judge informed Cummings that there was no specific sentencing recommendation. Plea T. at 4. Cummings assured the trial judge that he was satisfied with his attorney. Id. at 10.

{¶20} Cummings told the trial judge that he understood the elements of the crime and, further that he would be subject to a mandatory prison sentence on Count 2 of eight years with no possibility of early release. Id. at 5-6. Id.

{¶21} The trial judge explained to Cummings his right to a jury trial. Plea T. at 11. The trial judge further explained to Cummings his right to the confrontation of witnesses against him; that the state must prove his guilt beyond a reasonable doubt at trial; that he could subpoena witnesses on his behalf; and, that he cannot be compelled to testify against himself. Plea T. at 11-12. Cummings acknowledged he understood his rights, the charges, that no sentencing agreement was reached by the prosecutor and his defense counsel, the maximum penalties, and the specific constitutional rights he was waving with the plea. Id.

{¶22} The record demonstrates the trial judge very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial judge conducted a complete and thorough colloquy. Cummings acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

{¶23} The record supports a conclusion that the pleas were properly entered and accepted. The record in this case shows the trial judge's compliance with Criminal Rule 11, and supports the trial judge's determination that Cummings' plea was knowingly, intelligently, and voluntarily made.

**{¶24}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Cummings' guilty plea was made knowingly, intelligently, and voluntarily.

**{¶25}** Attorney April F. Campbell's motion to withdraw as counsel for Appellant is hereby granted.

**{¶26}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P. J.,

Baldwin, J., concur